IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DORIS B. SHEFFER, | § § § | |
| Plaintiff, | § § | #15 |
| v. | § | CIVIL ACTION NO. H-95-1378 |
| MEDICAL INFORMATION BUREAU INC., et al., | § § § § | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS ENTERED |
| Defendants. | § § | OCT 12 1995 |
| | | Michael N. Milby, Clerk |

## ORDER OF DISMISSAL

Defendant Medical Information Bureau, Inc. (MIB) has moved this Court for dismissal pursuant to Fed. R. Civ. P. 12(b)(2) because of lack of personal jurisdiction over MIB. *See* Instrument #7. Having considered this motion and all matters of record in this case, the Court is of the opinion that **MIB's Motion to Dismiss** should be **GRANTED**.

The two-part test for assertion of personal jurisdiction is 1) whether a defendant purposefully established "minimum contacts" within the forum state, and 2) whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-77 (1985); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). The "minimum contacts" requirement may be satisfied either by a controversy which is "related to" or "arises out of" the nonresident defendant's contacts with the forum, or by the defendant's "continuous and systematic" contacts with

the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-17 (1984). Plaintiff bears the burden of establishing contact by the nonresident defendant sufficient to invoke the jurisdiction of this Court. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994); *Bullion v. Gillespie*, 895 F.2d 213, 216-17 (5th Cir. 1990); *Memorial Hospital System v. Blue Cross and Blue Shield*, 830 F.Supp. 968, 971 (S.D.Tex. 1993).

In her original petition in state court, Plaintiff alleged that Defendant Prudential Insurance Company of America reported inaccurate and incomplete medical information about Plaintiff to MIB, and that MIB then disseminated this information to third parties. MIB is a Delaware corporation with offices in Massachusetts and Canada whose approximately 640 members are insurance companies in the United States and Canada. Although Plaintiff asserted in her original petition that MIB engages in business in the state of Texas, Plaintiff has not filed a response to MIB's Motion to Dismiss and has provided this Court with no further evidence of MIB's contacts with Texas. MIB has provided the Court with an affidavit of James S. Corbett, Chief Operating Officer of MIB, which states, among other things, that MIB has never been a resident or citizen of Texas; is not required to maintain and has never maintained a registered agent for service in Texas; has never had any employees, agents, offices, mailing addresses, or telephone numbers in Texas; has never paid taxes or maintained a bank account in Texas; has never owned, leased, rented or controlled any real property in Texas; has never committed a tort in whole or in part in Texas; and has never contracted by mail or otherwise with Plaintiff. *See* Instrument #7.

The Court is of the opinion that Plaintiff has not met her burden of establishing that MIB has sufficient "minimum contacts" with this forum so as to permit this Court to assert personal jurisdiction over MIB. Based on this decision, the Court need not reach the issue of whether assertion of jurisdiction over MIB would comport with "fair play and substantial justice."

It is **ORDERED** that Defendant MIB is **DISMISSED** from this action.

SIGNED at Houston, Texas, this 10th day of October, 1995.

*[signature]*
NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE